**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOEL ANGUIANO ALVARADO,

           Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

           Respondent.

No. 22-1342

Agency No.
A077-067-149

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2023[**]
Pasadena, California

Before: RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

    Joel Anguiano Alvarado (Anguiano Alvarado), a native and citizen of

Mexico, petitions for review of the dismissal of his appeal challenging the order by

an Immigration Judge (IJ) finding his application for cancellation of removal

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

abandoned.  We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

We review the opinion of the Board of Immigration Appeals (BIA), "except to the extent that it expressly adopted portions of the IJ's decision." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted).

The denial of a requested continuance is reviewed for an abuse of discretion. *See Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023).  "A due process challenge in an immigration proceeding is reviewed de novo." *Id.* at 1047 (citation omitted).

The BIA did not abuse its discretion in agreeing with the IJ's denial of Anguiano Alvarado's request for a third continuance.  To determine if there was an abuse of discretion, we consider "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Id.* at 1051 (citation omitted).

Anguiano Alvarado did not file an application for cancellation of removal by the deadline set by the IJ.  Even assuming that the first *Arizmendi-Medina* factor favors Anguiano Alvarado, because the IJ deemed his application abandoned, *see id.* at 1051, the remaining three factors weigh against Anguiano Alvarado.  The IJ granted two prior continuances and Anguiano Alvarado did not adequately explain

2                                                                                   22-1342

why he did not submit an application for relief or request an extension of the filing deadline. Thus, it was not unreasonable for the IJ to deny Anguiano Alvarado a third continuance, or for the BIA to dismiss Anguiano Alvarado's appeal of the IJ's decision. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) (concluding that there was no abuse of discretion in denying a second continuance).

There was no due process violation because there was no abuse of discretion in denying a third requested continuance. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [the petitioner] must show error and substantial prejudice. . . .") (citations omitted).[1]

   **PETITION DENIED.**

---

[1] The BIA did not err by declining to reinstate the voluntary departure period because Anguiano Alvarado did not provide timely proof of posting bond. *See* 8 C.F.R. § 1240.26(c)(3)(ii).